**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2403**

DEBRA S. JONES,

　　　　　　Plaintiff - Appellant,

　　　v.

WELLS FARGO COMPANY; JOSHUA HODGIN,

　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　James C. Dever III, Chief District Judge.　(5:15-cv-00432-D)

Submitted:　November 30, 2016　　　Decided:　December 15, 2016

Before SHEDD and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished per curiam opinion.

Cedric R. Perry, PERRY & ASSOCIATES, Rocky Mount, North Carolina, for Appellant.　John G. McDonald, Meredith A. Pinson, MCGUIREWOODS LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra S. Jones appeals the district court's order denying her motion to remand her civil negligence action against her former employer and her supervisor to state court and granting the Defendants' motion to dismiss. Jones argues that her claim is not precluded by North Carolina's workers' compensation statute and that the district court erred in concluding, first, that Defendant Joshua Hodgin was fraudulently joined and, second, that, on its face, the amended complaint filed in state court satisfied the jurisdictional amount required for maintaining a diversity action in federal court. We conclude that the district court erred in its finding that the jurisdictional amount was established as a matter of law. Accordingly, we vacate the judgment and remand with directions to remand the action to state court.

We review de novo questions of subject matter jurisdiction, including the propriety of removal and fraudulent joinder. Johnson v. Am. Towers, LLC, 781 F.3d 693, 701 (4th Cir. 2015). "Although the plaintiff is generally the master of [her] complaint, [28 U.S.C. § 1441(a) (2012)] allows a defendant to remove certain claims originally brought in state court into federal court." King v. Marriott Int'l, Inc., 337 F.3d 421, 424 (4th Cir. 2003) (internal citation and quotation marks omitted). The party seeking removal bears the burden of establishing

2

federal subject matter jurisdiction. Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). In light of well-established federalism concerns, removal jurisdiction must be strictly construed, and "if federal jurisdiction is doubtful, a remand to state court is necessary." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (per curiam) (alterations and internal quotation marks omitted).

Pursuant to 28 U.S.C. § 1332(a) (2012), district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation is deemed a citizen of every state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2012). Complete diversity must exist for a federal court to exercise jurisdiction; therefore, a plaintiff cannot be a citizen of the same state as any defendant. Johnson, 781 F.3d at 704.

The district court denied Jones' motion to remand in part based on its finding that the individual defendant had been fraudulently joined in the action. We need not review that determination, however, as we conclude that removal fails on the alternative ground that Defendants failed to establish with the requisite certainty the amount in controversy.

3

"If diversity of citizenship . . . provides the grounds for removal, then the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (internal quotation marks omitted). "If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Id. (alterations and internal quotation marks omitted). Our review of the record convinces us that the removing Defendants did not satisfy their burden in the instant case. Although Jones sought an amount "in excess of $10,000" in damages that included past and future mental suffering (and treatment costs for same) and loss wages, there is no sound basis in the record for a conclusion as a matter of law that the amount genuinely in dispute exceeds $75,000. The district court's finding that "[t]he amended complaint . . . makes clear that the amount in controversy exceeds $75,000," cannot be sustained on this record.*

---

* The amended complaint is rife with allegations of Jones' pre-existing mental disability, including an award of social security disability benefits prior to her employment with Wells Fargo, which lasted for no more than 12 to 16 months. Thus, on the face of the complaint, it is far from clear what her damages claims amount to or what amount she has put at issue. Rather than offering evidence to support its removal of the case, and thereby satisfy its burden to show the existence of federal jurisdiction, Defendants argued in their response to the motion (Continued)

4

Accordingly, we vacate the judgment and remand the matter to the district court with directions to remand this action to the Superior Court of Nash County. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED WITH INSTRUCTIONS

---

to remand that Jones had offered "no evidence" to support her contention that the jurisdictional amount was not satisfied. In making such an argument, the Defendants got the law exactly backward. Francis, 709 F.3d at 367.

5